IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-02248-WDM-CBS

THOMPSON R2-J SCHOOL DISTRICT,

    Plaintiff,

v.

LUKE P., by and through his parents and next friends, JEFF and JULIA P.,

    Defendants.

_____

**ORDER**
_____

    This matter is before me on the defendants' Motion for Relief from Strict Adherence to Practice Standard 6.3. Specifically, defendants seek to avoid the detailed factual response required by Section 6.3 of my Trial Procedures. Defendants also assert it is inappropriate to proceed with a motion for summary judgment in this particular case because of factual disputes and other matters. After review of the parties' arguments and relevant authorities, I conclude that the defendants' motion should be denied to the extent it seeks to avoid the required factual statements but granted to the extent it seeks to require the parties to proceed, not simply as a motion pursuant to Rule 56, but rather as a review based on the record and any additional evidence that may be permitted.

    This is an action for review of the State Administrative Law Judge's decision

under the Individuals with Disabilities Education Act (IDEA).  "The IDEA sets up a unique standard for a federal court's review of the administrative due process hearing. 20 U.S.C. § 1415 (i)(2)." *L.B. ex rel K.B. v. Nebo School District,* 379 F.3d 966, 973.  I am to apply a modified *de novo* standard of review to determine, by a preponderance of the evidence, whether the requirements of the IDEA were met.  *Id.* at 973-4.  I must give some deference to the hearing officer's findings of fact which are considered *prima facie* correct.  Ultimately I make my decision on the basis of the record as it may be supplemented by any additional evidence the parties may present pursuant to § 1415(i)(2)(B)(ii).  Where there is no dispute of fact it may be appropriate to decide the issues as a matter of law pursuant to summary judgment.  It appears in this case, however, that there are factual disputes and rather than attempting to apply a summary judgment standard, I conclude that the best way to decide the issues presented is to follow a modified briefing procedure.

As part of this procedure the parties shall first advise me whether either seeks to present additional evidence as permitted by § 1415(i)(2)(B)(ii).  Thereafter, the parties shall file briefs, limited to an opening brief by the plaintiff, a response brief by the defendants and a reply brief by the plaintiff.  Because factual matters are critical to review, the procedures prescribed in 6.2-6.5 of my Trial Procedures shall be followed in the parties' briefs.  Otherwise, the parties' briefs should frame issues as a review of the administrative agency record and action pursuant to the standards of review established by the Tenth Circuit.  *See O'Toole v. Olathe District Schools*, 144 F.3d 692, 698 (10th Cir. 1998); *Nebo School District,* 379 F.3d at 966.

Accordingly, it is ordered as follows:

1. On or before February 10, 2006, the parties shall advise the court whether any party wishes to present additional evidence beyond the record and, if so, how that evidence will be presented.

2. Defendants' Motion for Relief from Strict Adherence to Practice Standard 6.3 is denied.

3. Plaintiff is granted leave to file an opening brief not to exceed 30 pages on or before February 28, 2006, or in the alternative, notify the court that its summary judgment brief should be considered its opening brief.

4. Defendants shall file a responsive brief not to exceed 30 pages within 20 days after the date of filing of plaintiff's brief or notice.

5. Plaintiff may file a reply brief within 15 days of filing a responsive brief not to exceed 10 pages.

DATED at Denver, Colorado, on January 26, 2006.

                                          BY THE COURT:

                                          s/ Walker D. Miller
                                          United States District Judge